JOURNAL ENTRY AND OPINION
Defendant-appellant Carl Adams appeals from the denial of his motion for a new trial.
Appellant assigns the following error for review:
 THE LOWER COURT ERRED IN DENYING THE MOTION FOR A NEW TRIAL WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
In 1987, a jury convicted appellant of two counts of rape with specifications the victim was under the age of thirteen and that force was used. The trial court sentenced appellant to two life terms for the offenses. Appellant filed a motion for directed verdict and for a new trial, arguing there was insufficient evidence to sustain his conviction. The trial court denied both motions. Appellant appealed from his conviction and from the denial of his motion for a new trial. Appellant argued again that there was insufficient evidence to support his conviction and also that the verdict was against the manifest weight of the evidence. This court affirmed appellant's conviction in State v. Adams (Oct. 13, 1988), Cuyahoga App. No. 54467, unreported.
On September 14, 1992, appellant filed a petition for post-conviction relief. Appellant attached an affidavit from Yvonne Cole, the victim's mother, to his petition. In the affidavit, Cole declared that her daughter was raped by Donald Mitchell and not appellant. The trial court granted the prosecution's motion to dismiss the petition.
Appellant filed a second petition for post-conviction relief on June 30, 1995. Appellant raised a claim of ineffective assistance of counsel. On July 7, 1995, appellant filed yet another petition for post-conviction relief in which he essentially just restated the arguments presented in the petition filed a little over a week earlier. Appellant again attached an affidavit from Cole which was the same as that used to support the first petition. Appellant's own affidavit declared his innocence of the charged crimes. The trial court denied this petition.
On November 19, 1998, appellant filed a motion for a new trial based upon newly discovered evidence. Appellant claimed that the trial judge improperly selected a juror for his trial. Appellant further disputed evidence of a rape was submitted at his trial, claiming the child's testimony was untruthful and not supported by medical evidence. Appellant stated the prosecutor improperly failed to disclose medical records and proceeded even though he knew the child was lying. In support of his motion, appellant attached some unidentified pages from a document discussing the child's testimony, the same affidavit from Cole claiming Mitchell committed the rape, and an affidavit from Essie Adams, appellant's mother, stating the child spent a night at her home in May of 1987. The next morning, the child supposedly claimed Essie Adams had done something of a sexual nature to her. Appellant proclaimed his innocence in an affidavit. The trial court denied appellant's motion for a new trial without holding a hearing.
 II.
In his sole assignment of error, appellant contends the trial court abused its discretion by denying his motion for a new trial without first holding a hearing. Appellant argues the affidavits attached in support of his motion were sufficient for the trial court to at least hold a hearing on the matter.
A Crim.R. 33(A)(6) motion for new trial due to newly discovered evidence must be filed within one-hundred twenty days after the verdict was rendered. If a defendant does not file a motion for a new trial within these limits, the defendant must show by clear and convincing proof that he or she was unavoidably prevented from filing the motion within the time limits permitted. Crim.R. 33(B). Crim.R. 33 allows a trial court to entertain a motion for a new trial. The allowance or denial of a motion for a new trial is within the competence and discretion of the trial judge. The trial court's decision will not be disturbed absent a showing of an abuse of discretion. State v. Hill (1992), 64 Ohio St.3d 313, 333. This court also reviews a trial court's decision not to grant a hearing under the abuse of discretion standard as well. State v. Tomlinson (1997), 125 Ohio App.3d 13.
Appellant never explained why the evidence attached to his motion should be considered newly discovered. The affidavit from appellant's mother was the only affidavit not attached to previous motions or petitions filed by appellant. Appellant did not address the issue of when any of the evidence was discovered or why it could not have been discovered before or during his trial. Appellant had to show, by clear and convincing evidence, that he was unavoidably prevented from filing a timely motion for a new trial. Appellant did not even argue the point below or on appeal.
Appellant's motion for a new trial was untimely. The trial court did not abuse its discretion by denying the motion without first holding a hearing.
Appellant's assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
 _________________________ LEO M. SPELLACY, JUDGE
ANN DYKE, ADM. J. and PATRICIA A. BLACKMON, J. CONCUR.